UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

2023 Land Rover Range Rover
VIN: SALKP9E76PA021043,

        Defendant *in rem*.
_____/

Civil No.
Honorable

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Jerome F. Gorgon Jr., United States Attorney for the Eastern District of Michigan, and Kelly Fasbinder, Assistant United States Attorney, and states upon information and belief in support for this Complaint for Forfeiture *in rem* that:

### **JURISDICTION AND VENUE**

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(4), (6), and 18 USC § 982(a)(1), resulting from a violation or violations of 21 U.S.C. §§ 841(a)(1) and/or 846, and/or 18 U.S.C. §§ 1956 and 1957.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of the following: 2023 Land Rover Range Rover, VIN #SALKP9E76PA021043.

7. On or about April 25, 2024, agents and officers with the Drug Enforcement Administration ("DEA") seized the Defendant *in rem* during the execution of a state search warrant in Sterling Heights, Michigan, in the Eastern District of Michigan.

8. The Defendant *in rem* is currently in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

9. Title 21 United States Code, Section 841(a)(1) prohibits the knowing or intentional manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

10. Title 21 United States Code, Section 846 criminalizes any attempt or conspiracy to commit a violation of the Controlled Substances Act.

11. Civil forfeiture is authorized by 21 U.S.C. § 881(a), which provides, in pertinent part, that, "[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them:" all conveyances, including vehicles, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(4) and (6).

12. Title 18 United States Code, Section 1956 sets forth a list of "specified unlawful activities," which includes controlled substance offenses, such

3

as violations of 21 U.S.C. §§ 841 and 846.

13.     Title 18 United States Code, Section 1956(a)(1)(B) prohibits knowingly conducting a financial transaction involving the proceeds of "specified unlawful activity," knowing that the transaction is designed in whole or in part to: conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds; or, avoid a transaction reporting requirements.

14.     Title 18 United States Code, Section 1957 prohibits knowingly engaging, or attempting to engage, in a monetary transaction with proceeds of a specified unlawful activity in an amount greater than $10,000 by, though, or to a financial institution.

15.     Title 18 United States Code, Section 981(a)(1)(A) provides for the forfeiture of "Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

## FACTUAL BASIS FOR CIVIL FORFEITURE

16.     The Defendant *in rem* is forfeitable to the United States as a vehicle used, or intended for use, to transport, or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and/or a thing of value furnished or intended to be furnished by any person in exchange for a controlled

4

substance, and/or proceeds traceable to such an exchange. 21 U.S.C. § 881(a)(4) and (6). The Defendant *in rem* is also forfeitable to the United States as property involved in violations of 18 U.S.C. §§ 1956 and/or 1957 and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). Evidence supporting forfeiture includes, but is not limited to, the following:

   a. On January 25, 2024, Damon Perkins ("Perkins") purchased Defendant *in rem* from Jaguar Land Rover in Troy, Michigan.

   b. The total price for the purchase of the Defendant *in rem* was $158,092.98.

   c. Perkins paid a $101,000.00 downpayment in cash, brought to the dealership in numerous rubber banded stacks of mostly $100 bills in a plastic Louis Vuitton shopping bag.

   d. On April 25, 2024, Perkins flew into Detroit Metro Airport ("DTW") from Los Angeles, California. A K-9 drug sniffing dog examined Perkins' checked baggage and gave a positive indication for narcotics.

   e. Officers executed a state search warrant for Perkins' checked baggage and discovered 22 packages of Fentanyl, a Schedule II controlled substance, in clear plastic wrap.

5

f. The same day, law enforcement agents and officers executed a state search warrant at Perkins' residence located at XXXXX Eldon Street, Farmington Hills, Michigan.

g. During the search of the residence, agents and officers found materials related to drug trafficking, including a kilogram press, drug packaging, a vacuum sealer (suspected of being utilized to package drugs), packaging materials, digital scales, a money counter, and cutting agents.

h. Agents and officers also found narcotics, including significant quantities of heroin, fentanyl, and methamphetamine, Schedule I and II controlled substances.

i. The same day, agents and officers executed a state search warrant at another residence associated with Perkins located at XXXXX Vachon Drive, Sterling Heights, Michigan.

j. During the search of the Sterling Heights residence, Perkins' girlfriend arrived driving the Defendant *in rem*. Agents seized the Defendant *in rem*.

6

k. On January 30, 2025, an Information was filed in the Eastern District of Michigan, charging Perkins with possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a).

## CLAIM FOR RELIEF

17. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 above, including their subparts.

18. The Defendant *in rem* is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and/or pursuant to 21 U.S.C. § 881(a)(6) as a thing of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange.

19. The Defendant *in rem* is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in violations of 18 U.S.C. §§ 1956 and/or 1957.

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be

decreed; that judgment be entered declaring the aforementioned Defendant *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                        Respectfully submitted,

                                        JEROME F. GORGON JR.
                                        United States Attorney

                                        <u>S/Kelly Fasbinder</u>
                                        Kelly Fasbinder (P80109)
                                        Assistant U.S. Attorney
                                        211 W. Fort Street, Ste. 2001
                                        Detroit, Michigan 48226
                                        (313) 226-9520
                                        kelly.fasbinder@usdoj.gov

Dated: May 23, 2025

## VERIFICATION

I, Kevin Roland, am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents and/or officers.

TFO *[signature]*
Kevin Roland
Task Force Officer
Drug Enforcement Administration

Dated:

9